**Elmer Lee WILEY, Petitioner-Appellant,**

v.

**Dewey SOWDERS; Steven Beshear,
Attorney General,
Respondents-Appellees.**

No. 81–5389.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 2, 1981.

Decided Jan. 11, 1982.

Supplemental Opinion on Denial of
Rehearing Feb. 10, 1982.

Rodney McDaniel, Asst. Public Advocacy, State Office Bldg. Annex, Frankfort, Ky., for petitioner-appellant.

Steven L. Beshear, Atty. Gen. of Ky., Michael R. Beiting and Paul E. Reilender, Jr., Frankfort, Ky., for respondents-appellees.

Before MERRITT and BROWN, Circuit Judges, and PRATT,* District Judge.

PER CURIAM.

The petitioner, Elmer Lee Wiley, appeals the District Court's denial of his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 by the District Court. This Court, in a recent decision, granted habeas corpus relief to Earl Wiley, brother of the petitioner and his codefendant at trial, under facts which are nearly identical to this case. *Wiley v. Sowders*, 647 F.2d 642 (6th Cir. 1981). We find this case to be distinguishable in one important respect, however, and read the *Wiley* decision narrowly. Unlike the decision in *Wiley* we decline to grant habeas corpus relief but remand to the District Court for further findings.

* The Honorable Philip Pratt, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

The petitioner, Elmer Wiley, and his brother, Earl Wiley, were tried together and convicted in Kentucky of first degree burglary and theft and given identical sentences of 10 and 5 years respectively. At the persistent felony phase of the trial the same jury enhanced their sentences to life imprisonment.

The Wiley brothers were represented by separate court appointed attorneys. The closing argument for both codefendants was presented by the attorney for the petitioner's brother. During the closing argument the attorney for the petitioner's brother repeatedly admitted the petitioner's guilt by saying that both defendants were "guilty as charged," that the prosecutor had proved "beyond a reasonable doubt that [they] are guilty" and that the "question of guilt is absolutely clear." The attorney also pointed to mitigating circumstances suggesting that a minimal sentence should be imposed. The state trial court did not make an inquiry to determine whether the petitioner consented to an admission of his guilt. The petitioner submitted an affidavit in which he claimed that he did not consent to an admission of guilt by his brother's attorney; however, the attorney responded with an affidavit in which he claimed that the petitioner did agree to this trial strategy. The District Court did not conduct an evidentiary hearing to determine whether such consent had been given.

■ The appellee makes the initial contention that the petitioner has failed to exhaust his remedies in state court thus rendering his petition for federal habeas corpus relief premature. The petitioner raised the issue of ineffective assistance of counsel on direct appeal to the Kentucky Supreme Court but that court did not address the claim because it had not been preserved for appellate review by a prior presentation to the trial court. Thus, the appellee argues that this issue was not "fairly presented" to the state court for initial determination. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Moreover, the appellee notes that this issue may be asserted in the Kentucky Courts by a motion to vacate the sentence, Ky.R.Crim.P. 11.42, or by a petition for state habeas corpus relief, Ky.Rev. Stat.Ann. § 419.020 *et seq.* (Baldwin). The petitioner has not pursued either of these methods of presenting the issue of ineffective representation to the Kentucky courts.

This precise issue in the identical factual context has already been decided by this Court in *Wiley v. Sowders*, 647 F.2d 642 (6th Cir. 1981). In that case this Court held that the issue of the ineffective assistance of counsel had been fairly presented to the Kentucky Supreme Court. Specifically, this Court noted that the Kentucky courts will review an unpreserved error in order to prevent "manifest injustice," 647 F.2d at 647, citing *Stone v. Commonwealth*, 456 S.W.2d 43 (Ky.1970), and thus was not prevented from reviewing this issue. Moreover,

the Kentucky Supreme Court received the parties' briefs which contained arguments on the ineffective counsel issue. In addition, the Kentucky Supreme Court took the unusual step of gathering supplemental material relative to this claim. For example, petitioner's trial counsel was permitted to file an amicus brief outlining and defending his trial strategy. In addition, the presiding trial judge submitted an affidavit stating that in his opinion defense counsel were competent and their trial strategy sound. After having received these materials, the state supreme court nevertheless backed off the issue by declining to rule on the ineffective counsel claim stating that absent a post-trial motion, the claim was not preserved for appellate review. Nevertheless, it is clear that the Kentucky Supreme Court, by virtue of its own orders, had before it the position of all parties concerned: Petitioner, the Commonwealth, both trial counsel, and the trial judge. Unquestionably the issue of the trial counsel's ineffectiveness was "fairly" presented.

647 F.2d at 647. The instant case cannot be distinguished and, therefore, the decision in *Wiley* necessarily controls our decision here.

Whether or not this issue was correctly decided in *Wiley* we feel that the principle of stare decisis requires that we follow it. We note that the situation there and here is unusual and unlikely to recur.

The petitioner maintains he should be granted habeas corpus relief because the admission of guilt by his attorney during the closing argument violated his sixth amendment right to the effective assistance of counsel. Moreover, he argues that the failure of the state trial judge to make an inquiry on the record to determine whether he consented to an admission of guilt violated his due process rights. Finally, he argues that at the very least the federal district court in considering his petition for habeas corpus relief should have conducted an evidentiary hearing to determine whether he consented to an admission of guilt.

 In *Wiley* the petitioner's brother made a similar claim of ineffective assistance of counsel. In that case, however, the trial attorney made no claim that his client had consented to an admission of guilt during closing arguments. In the instant case the trial attorneys have submitted an affidavit in which they claim the trial strategy of conceding guilt and seeking leniency was fully discussed with the petitioner and that he consented to this trial strategy. This distinction between *Wiley* and the present case is crucial. In *Wiley* we held,

> that petitioner was deprived of effective assistance of counsel when his own lawyer admitted his client's guilt, without first obtaining his client's consent to this strategy. In those rare cases where counsel advises his client that the latter's guilt should be admitted, the client's knowing consent to such trial strategy must appear outside the presence of the jury on the trial record in the manner consistent with *Boykin* [*v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)].

647 F.2d 650. We understand the first sentence of the above quoted passage to be the holding of the court. The second sentence is unnecessary to that holding and, therefore, is dictum. We conclude that an on-the-record inquiry by the trial court to determine whether a criminal defendant has consented to an admission of guilt during closing arguments represents the preferred practice. But we did not hold in *Wiley*, and we do not now hold, that due process requires such a practice.

 As the record now stands it is impossible for this court to determine whether the petitioner was denied the effective assistance of counsel. The petitioner can hardly complain that his counsel was ineffective if he freely and knowingly consented to the trial strategy. The record reflects a dispute as to whether such consent was given; therefore, we remand this case to the District Court for the purpose of conducting an evidentiary hearing to determine whether the petitioner freely and knowingly consented to the trial strategy.

## ORDER SUPPLEMENTING PER CURIAM OPINION

The appellant, Elmer Lee Wiley, petitions this Court for a rehearing on the grounds that two issues which he raised in his habeas corpus petition were not addressed by this Court in a per curiam opinion issued January 11, 1982. He argues that this Court should have addressed the questions of whether there was sufficient evidence from which a jury could reasonably find that he was guilty beyond a reasonable doubt and whether the Kentucky burglary statute, which he was convicted of violating, was unconstitutionally vague. We address these issues now.

 The "relevant question" for reviewing a question of the sufficiency of evidence to support a criminal conviction "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307 (1979). Viewing the evidence against the petitioner most favorably to the government the jury could reasonably find:

(1) That two unidentified white males were seen leaving the scene of a burglary

about 5 miles west of Geneva in northern Henderson County, Kentucky, traveling in a budget rent-a-van.

(2) That the Henderson County sheriff's office was contacted and the van was sighted moving south through Henderson County in the direction of Webster County.

(3) That the Webster County Sheriff's office was contacted and the van was spotted passing through the city of Dixon in Webster County headed south toward the city of Providence.

(4) That the Providence City Police were notified and stopped the van in the southernmost portion of Webster County. The van had traversed almost the entire length of Henderson and Webster counties and was stopped approximately 25–30 minutes after the van was originally sighted leaving the scene of the burglary.

(5) That the petitioner, a white male, was a passenger in the van and was apprehended when the van was stopped. The driver was the petitioner's brother who fled the scene and was taken into custody later.

(6) That the van was filled with items (e.g. television, sewing machine, chairs, end tables, lamp, radio, electric clock, afghan, quilt, bedspread, etc.) which were taken from the burgled residence.

(7) That the only statement made by the petitioner was that the items belonged to his brother and he was helping him move.

All of this evidence is circumstantial but we conclude it is sufficient to support a finding of guilt beyond a reasonable doubt. The petitioner argues that the evidence shows only that he was a passenger in a van which contained stolen items and that in the 25–30 minute time period it was possible that the driver dropped off the real accomplice and picked up the innocent petitioner. The petitioner cites to this court several cases in which courts have held that the mere presence as a passenger in a vehicle containing stolen goods shortly after a robbery has occurred is insufficient evidence from which

to find guilt beyond a reasonable doubt. The case of *United States v. Abraham*, 617 F.2d 187 (9th Cir. 1980) is similar to the present case but distinguishable in several important respects. In *Abraham* the court held that the evidence that the defendant was a passenger in a get-away-car 25 minutes after a bank robbery was insufficient to convict. The court felt that the intervening 25 minutes provided sufficient time for the driver to drop off the other robber, dispose of the money and pick up an innocent passenger. However, in that case the defendant/passenger was not wearing the same clothing described by a witness to the robbery and no money from the robbery was found in his possession. In the present case the petitioner was a passenger in a van driven by his brother which was filled with stolen goods. The van was observed traveling a considerable distance in a relatively short period of time, leading to the reasonable inference that the van did not stop to drop off the guilty party and pick up the petitioner. The fact that the petitioner was the driver's brother also suggests that he was not merely an accidental passenger and that he had reason to know that the large number of stolen items did not belong to his brother as he claimed. We hold, therefore, that these circumstances are sufficient to support a finding of guilt beyond a reasonable doubt.

The petitioner also argues that the Kentucky burglary statute was unconstitutionally vague. The petitioner notes that, at the time of this offense,[1] first degree burglary involved the unlawful entry into a *dwelling* and second degree burglary involved entry into an *inhabited building*. The petitioner maintains that the distinction between a dwelling and an inhabited building is unconstitutionally vague and does not give adequate notice of the distinction between first and second degree burglary.

It is important to note, however, that first degree burglary could be proved by either of two ways. Section 511.020 of the

---

1. The Kentucky burglary statute, Ky.Rev.Stat. § 511.010 et seq. (Baldwin), was amended in 1980 eliminating the ambiguity of which the petitioner complains.

Kentucky Revised Statutes provided that a first degree burglary could be committed by an unlawful entry into a *dwelling* or the unlawful entry into a *building* and fleeing while armed with a deadly weapon. The jury found that the petitioner (or his codefendant) had in his possession a deadly weapon (a pistol) while in the immediate flight from a dwelling which they had entered for the purpose of committing a crime. This finding of the use of a deadly weapon satisfies the definition of first degree burglary regardless of whether a *dwelling* or *inhabited building* was entered. Therefore, the ambiguity raised by the petitioner is not at issue in this case.

Accordingly, the petition for rehearing is denied.