875 F.2d 861
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Monty K. ANDERSON, Petitioner-Appellant,
v.
Harry K. RUSSELL, Supt., Respondent-Appellee.
 No. 88-3967.
 United States Court of Appeals, Sixth Circuit.
 May 26, 1989.
 
 1
 Before ENGEL and BOGGS, Circuit Judges, and BENJAMIN F. GIBSON, District Judge.*
 
 ORDER
 
 2
 Monty Anderson, a pro se Ohio prisoner, appeals the district court's judgment dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2254. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Anderson claimed that his jury conviction for aggravated robbery is fundamentally unfair because it is based on insufficient and erroneously admitted evidence. The district court dismissed the petition as meritless.
 
 
 4
 Upon consideration, we affirm the district court's judgment. The evidence in this case, although circumstantial, was sufficient to support Anderson's conviction as a rational trier of fact could have concluded beyond a reasonable doubt, that Anderson committed the robbery. See Jackson v. Virginia, 443 U.S. 307 (1979); Takacs v. Engle, 768 F.2d 122, 127 (6th Cir.1985); Wiley v. Sowders, 669 F.2d 386, 390 (6th Cir.1982) (per curiam).
 
 
 5
 Relief is also unwarranted based on Anderson's claim that his trial was unfair due to the admission of erroneous evidence. Anderson's issues regarding hearsay testimony and an improper comment regarding an alibi witness are matters of state law which cannot serve as a basis for federal habeas relief. See Spalla v. Foltz, 788 F.2d 400, 405 (6th Cir.), cert. denied, 479 U.S. 935 (1986). Anderson waived his issue regarding evidence of his criminal record when he failed to preserve the issue for state appellate review. Hence, federal review of the issue in this proceeding is not warranted because he has not demonstrated cause and actual prejudice to excuse the waiver. See Engle v. Isaac, 456 U.S. 107, 129 (1982); Wainwright v. Sykes, 433 U.S. 72, 85 (1977); Fornash v. Marshall, 686 F.2d 1179, 1186 (6th Cir.1982), cert. denied, 460 U.S. 1042 (1983).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Benjamin F. Gibson, U.S. District Judge for the Western District of Michigan, sitting by designation