972 F.2d 347
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl Jack FOX, Petitioner-Appellant,
v.
John W. HAWLEY, Respondent-Appellee.
 No. 92-1248.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1992.
 
 1
 Before BOYCE F. MARTIN, Jr., and SILER, Circuit Judges, and DOWD, District Judge.*
 
 ORDER
 
 2
 This pro se Michigan prisoner appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. He moves for the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Earl Jack Fox was convicted by a jury of first degree murder and sentenced to serve life imprisonment without possibility of parole. His conviction was affirmed by the Michigan Court of Appeals; the Michigan Supreme Court denied Fox's motion for discretionary review.
 
 
 4
 Fox presented two claims in his petition for federal habeas relief: (1) that the evidence was insufficient to support the conviction, and (2) that his counsel rendered ineffective assistance by failing to interview or subpoena witnesses to testify in his behalf.
 
 
 5
 Upon review, we conclude that the petition was properly dismissed because Fox failed to show constitutional error or that he was denied a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 6
 Fox's claim of insufficient evidence lacks merit. Evidence of guilt may be sufficient even though it is circumstantial. See Wiley v. Sowders, 669 F.2d 386, 390 (6th Cir.1982) (per curiam). Moreover, circumstantial evidence need not remove every reasonable hypothesis except that of guilt. See United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986). When viewed in a light favorable to the prosecution, the evidence is sufficient for a rational trier of fact to find beyond a reasonable doubt that Fox is guilty of the murder of Cynthia Miller. See Jackson v. Virginia, 443 U.S. 307, 324 (1979).
 
 
 7
 Fox's claim of ineffective assistance of counsel also lacks merit. Fox contended that counsel erred by failing to locate or subpoena potential witnesses who could testify in his behalf. Because the decision not to present potentially incredible witnesses is one of trial strategy, a decision to which the court generally defers, Fox did not establish that counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668, 689 (1984). Because the evidence of guilt was otherwise sufficient, Fox did not demonstrate a reasonable probability of a different outcome. See 466 U.S. at 687.
 
 
 8
 Accordingly, the motion for appointment of counsel is denied, and the district court's judgment dismissing the petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, U.S. District Judge for the Northern District of Ohio, sitting by designation