640 So.2d 90 (1994)
Julius BUGGS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3092.
District Court of Appeal of Florida, First District.
June 23, 1994.
*91 Nancy A. Daniels, Public Defender, and David P. Gauldin, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Carolyn J. Mosley, Asst. Atty. Gen., and Patrick Martin, Certified Legal Intern, Tallahassee, for appellee.
WENTWORTH, Senior Judge.
Julius Buggs has appealed from a conviction of possession of cocaine, alleging that he is entitled to a new trial based on the admission of testimony that marijuana was also found in his possession. We affirm.
Buggs was charged with possession of cocaine after police found eleven baggies of crack cocaine in a bag Buggs discarded during a pursuit. The paper bag also contained a gold envelope holding two baggies of marijuana, as to which no charges were filed. Prior to Buggs' trial, the court granted a defense motion in limine barring testimony about the marijuana. During the trial, defense counsel cross-examined the arresting officer as follows:

DEFENSE COUNSEL: You do agree that you then went back to search that area?

OFFICER: Yes.

DEFENSE COUNSEL: And you did not find anything else?

OFFICER: Yes, I did.

DEFENSE COUNSEL: What did you find?

OFFICER: A gold envelope.
DEFENSE COUNSEL: Describe the gold envelope.

OFFICER: It's a small gold envelope that contained marijuana.
Defense counsel moved to strike the testimony as unresponsive. The court denied the motion, stating, "You asked him what he found. You asked the question. You got the answer." Two defense witnesses later referred to the marijuana as well, indicating that Buggs had told them at the scene that he was under arrest for marijuana. The jury convicted Buggs as charged, and he received one year in county jail.
Buggs argues on appeal that the officer's reference to the marijuana, quoted above, violated the order granting the motion in limine, and was an improper reference to an unrelated crime. However, a party may not make or invite error at trial, and then take advantage of the error on appeal. Czubak v. State, 570 So.2d 925 (Fla. 1990). A comment is not "invited" when it is unresponsive to the question so that counsel could not have anticipated the witness would respond with the objectionable comment. Czubak at 928. See also Castle v. State, 305 So.2d 794, 797 (Fla. 4th DCA 1974), aff'd. 330 So.2d 10 (Fla. 1976) (error is invited when the objectionable answer is clearly responsive to the line of questions being asked).
Here, during cross-examination of the arresting officer, defense counsel asked him what he found on a further search of the area. He responded simply, "A gold envelope." Having elicited a relatively complete description of the object, defense counsel nevertheless went on to request the officer to "describe the gold envelope." Only when this further description was sought did the officer mention the contents of the envelope. We find this answer clearly responsive to defense counsel's line of questioning. Thus, any error was invited, and we affirm the conviction herein appealed.
BARFIELD and DAVIS, JJ., concur.