57 F.3d 1072
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Michael WHITNEY, Petitioner-Appellant,
v.
James YARBOROUGH, Warden, Michigan Training Unit, Respondent-Appellee.
 No. 94-1574.
 United States Court of Appeals, Sixth Circuit.
 May 31, 1995.
 
 Before: BOGGS, SILER and GIBSON,* Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Michael Whitney challenges the district court's denial of his petition for writ of habeas corpus, 28 U.S.C. Sec. 2254, in which petitioner raised a number of issues regarding the validity of his state court conviction for first degree criminal sexual assault. The principal issues raised concern prosecutorial misconduct and sufficiency of the evidence. For the reasons stated herein, we affirm the district court's denial of the writ.
 
 I.
 
 2
 Whitney was prosecuted in Michigan for molesting Brandy Masters, a five-year-old child. Phyllis Masters, Brandy's mother, was the live-in girlfriend of Whitney. At 7:30 p.m. on January 25, 1987, Masters left Brandy with Whitney in order to work the late shift. Brandy was left alone with Whitney for approximately twelve hours, with the exception of a two-hour period when Bradley Nesbitt and Kenneth Dean, friends of Whitney, visited Whitney at his home. Whitney and Nesbitt left Brandy, who was sleeping at the time, with Dean for fifteen to thirty minutes of these two hours in order to make a trip to a liquor store. When the two returned, they found Brandy sleeping soundly in her bed. Later that evening, Brandy awoke and sat next to Dean on the couch for about fifteen minutes. Both Dean and Nesbitt left at approximately 1:30 a.m.
 
 
 3
 When Masters returned home on Monday morning, she found bruises on Brandy's face. She asked Brandy who hit her, and Brandy responded that "Mike did it." When Masters confronted Whitney about the bruises, however, he denied any responsibility. Masters took Brandy to the hospital where doctors determined that Brandy had been molested, resulting in a number of bruises on her body and severe vaginal injuries.
 
 
 4
 Masters returned with the police to Whitney's home the next day and found that Whitney had changed the locks. Upon gaining entry to the home, the police found the sheets from Brandy's bed soaking in the bathtub.
 
 
 5
 The State of Michigan charged Whitney with first degree criminal sexual assault under Mich.Comp.Laws Sec. 750.520(b)(1)(a). At trial, during its opening statement, the prosecution informed the jury that Dr. Walk, Brandy's examining physician, had elicited from Brandy that Michael caused "her injuries." The defense objected to the statement as inadmissible hearsay and misleading, but the trial court overruled the objection, leaving the hearsay determination for a later time.
 
 
 6
 Ann Kneeshaw, Brandy's grandmother, testified that she had given Brandy a bath around 4:30 p.m. on January 25 and had not noticed any injuries on the child. Both Nesbitt and Dean testified that they saw no bruises on Brandy during their visit. They also testified to the events that night, including Brandy's conduct during their visit.
 
 
 7
 Masters testified, in part, that Brandy told her that Whitney was responsible for the facial bruises. She also testified to Whitney's behavior after Brandy was taken to the hospital (i.e., denying knowledge of the bruises, changing the locks, soaking the sheets). Next, Dr. Walk testified to the severity of Brandy's vaginal injuries. When the prosecution attempted to introduce Brandy's statement to Dr. Walk regarding the cause of the bruises, however, defense counsel renewed the objection. The trial court ruled that the statement was inadmissible hearsay and did not allow the introduction of the testimony.
 
 
 8
 Finally, the prosecution introduced physical evidence, including blood and semen analysis. While most of the evidence was inconclusive, an expert testified that he detected Type A blood (Brandy's blood type) and Type O semen (Whitney's type) in a pair of shorts that Whitney was wearing when Masters returned home.
 
 
 9
 Whitney was convicted of first degree criminal sexual assault and sentenced to a twenty to forty year prison term. He appealed to the Michigan Court of Appeals,[1] which affirmed his conviction. After the Michigan Supreme Court denied his application for discretionary review, Whitney filed the present petition for a writ of habeas corpus arguing, in part, insufficiency of the evidence and prosecutorial misconduct.
 
 II.
 
 10
 A) Prosecutorial Misconduct.
 
 
 11
 Whitney contends that the prosecutor committed misconduct when he informed the jury during his opening that Brandy told Dr. Walk in regard to "her injuries" that "Mike did it." Whitney contends that the prosecutor misstated the victim's statement to the doctor, which violated his right to a fair trial. As Whitney correctly notes, Brandy told Dr. Walk that Mike caused the bruises. When the doctor asked Brandy who caused the vaginal injuries, she cried and refused to respond.
 
 
 12
 When a petitioner makes a claim of prosecutorial misconduct, this court's concern lies with the "fairness of the trial, not the culpability of the prosecutor." Serra v. Michigan Dept. of Corrections, 4 F.3d 1348, 1355 (6th Cir.1993), cert. denied, 114 S.Ct. 1317 (1994). This court must determine, in view of the totality of the circumstances, Webster v. Rees, 729 F.2d 1078, 1081 (6th Cir.1984), whether the conduct was "so egregious so as to render the entire trial fundamentally unfair." Serra, 4 F.3d at 1355. In making this determination, this court considers:
 
 
 13
 the degree to which the remarks complained of have a tendency to mislead the jury and prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury; and the strength of the competent proof to establish the guilt of the accused.
 
 
 14
 Id. at 1355-56 (citations omitted). As we noted in Webster, "[m]ore commonly, however, the complained-of conduct will not rise to reversible error, notably if it is not flagrant, where proof of guilt is overwhelming, where counsel does not object and/or where the trial judge ... admonishes the jury." Webster, 729 F.2d at 1080.
 
 
 15
 In light of the circumstances surrounding the prosecutor's isolated comment in opening, we find Whitney's claim to be without merit. First, the prosecutor's remarks were vague and disjointed. Indeed, the remarks were interrupted by the parties' lengthy sidebar. Second, the remarks were isolated, the opening being the only time that the jury heard that Brandy told Dr. Walk that "Mike did it." Third, the prosecution proffered sufficient proof to convict Whitney, as discussed herein.[2]
 
 
 16
 Additionally, the giving of cautionary instructions is relevant to determining whether fundamental fairness has been denied. Sizemore v. Fletcher, 921 F.2d 667, 670 (6th Cir.1990). While it is true that the trial court in the present case failed to admonish the jury after the hearsay was declared inadmissible, Whitney did not request such an admonishment. Further, the trial court instructed the jury prior to opening statements that it was to consider only the evidence presented and not rely on the statements of the attorneys. While not as helpful as a specific admonishment, we find that this instruction sufficiently lessened the prejudicial impact of the statement. Finally, as Yarborough complains only of the possible misinterpretation by the jury of Walk's statement (that "Mike did" all of Brandy's injuries, not just the bruises), Yarborough had a full opportunity to clarify this matter on cross-examination.
 
 
 17
 B) Sufficiency of the Evidence.
 
 
 18
 In resolving a sufficiency of the evidence challenge on habeas corpus, this court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Direct evidence is not required; a conviction may rest on sufficient circumstantial evidence. Tilley v. McMackin, 989 F.2d 222, 225 (6th Cir.1993); Wiley v. Sowders, 669 F.2d 386, 390 (6th Cir.1982).
 
 
 19
 Section 750.520(b)(1)(a) provides that "[a] person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and ... [t]hat person is under 13 years of age." Mich.Comp.Laws Sec. 750.520(b)(1)(a). Whitney does not dispute that sexual penetration occurred and that the victim was a child under the age of thirteen. Rather, Whitney disputes only whether sufficient evidence was proffered to establish his identity as the perpetrator. Upon review of the record, we find that his claim is without merit.
 
 
 20
 First, the prosecution proffered evidence that the molestation occurred during the twelve hours that Whitney watched Brandy. Ann Kneeshaw testified that she saw no injuries on the child when Brandy took her bath at 4:30 that afternoon. Masters testified that she had seen no injuries on Brandy when she left for work, and both Nesbitt and Dean noticed no bruises on the child during the two hours they spent with Whitney.
 
 
 21
 Second, the evidence indicates that Brandy was molested during the time that Whitney, not Dean, was alone with Brandy. As noted above, both Nesbitt and Dean testified that they noticed no bruises on the child. Further, Brandy was asleep when Whitney and Nesbitt returned from the store, which strongly belies Whitney's contention that Dean molested Brandy just prior to their return. Indeed, when Brandy awoke around 11:30 p.m., she sat by Dean without hesitation, which indicates that Dean was not the perpetrator.
 
 
 22
 Third, Whitney's own conduct indicated that he was the perpetrator. Whitney admitted hitting Brandy, resulting in the facial injury. The jury could reasonably infer that Whitney was the cause of the other injuries, especially the other bruises on Brandy's body. The fact that Whitney offered four conflicting stories about the bruise only further casts doubt on Whitney's claim of innocence. Finally, Whitney's conduct of changing the locks and soaking the sheets further implicated him.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [1]
 Whitney raised three errors on the appeal: 1) insufficiency of the evidence; 2) the admission of inadmissible hearsay and prosecutorial misconduct; and 3) the imposition of an excessive sentence
 
 
 [2]
 Whitney also argued in his brief to this court that the district court erred in allowing the prosecutor to comment on inadmissible hearsay in his opening statement to the jury. Counsel indicated to this court in oral argument, however, that he takes issue only with the misleading nature of the prosecution's statement. It is, therefore, no longer necessary for this court to decide Whitney's initial contention. We note for the record, however, that the argument is without merit. At the preliminary hearing, a state court judge admitted the hearsay pursuant to Michigan Rules of Evidence, the same rules that governed the trial. The prosecution, therefore, could reasonably believe that the evidence would be admitted at trial