695 So.2d 1293 (1997)
Kendrick TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3134.
District Court of Appeal of Florida, Fourth District.
June 25, 1997.
Richard L. Jorandby, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
Appellant was convicted of three counts of robbery with a firearm and two counts of attempted murder on a law enforcement officer. We affirm appellant's armed robbery convictions; however, we are compelled to reverse the attempted murder convictions finding that the trial court fundamentally erred in failing to instruct the jury on the element of premeditation.
At the charge conference, the trial court indicated that it would instruct the jury on the definition of premeditation. However, while instructing the jury on the elements of *1294 attempted first degree murder on a law enforcement officer, the trial court inadvertently omitted reading the definition of premeditation. Specifically, the trial court instructed the jury on attempted first degree murder on a law enforcement officer as follows:
First, attempted first degree murder on a law enforcement officer. Before you can find the defendant guilty of attempted first degree murder on a law enforcement officer, the State must prove the following seven elements beyond a reasonable doubt:
One, Kedrick Chae Taylor did some act intending to cause the death of Derek Joseph as to Count IV and/or Thomas Reed as to Count V that went beyond just thinking or talking about it. Two, Kedrick Chae Taylor acted with a premeditated design to kill Derek Joseph in Count IV and/or Thomas Reed in Count V.
Three, the act would have resulted in the death of Derek Joseph in Count IV and/or Thomas Reed in Count V except that someone prevented Kedrick Chae Taylor from killing Derek Joseph in Count IV and/or Thomas Reed in Count V or he failed to do so. A premedLet me get to Count IV. Count IV not Count IV, Element Number 4. Excuse me. Derek Joseph as to Count IV and/or Thomas Reed as to Count V were at the time law enforcement officers.
Five, Kedrick Chae Taylor knew Derek Joseph as to Count IV and/or Thomas Reed as to Count V were law enforcement officers. Six, at the time of the assault Derek Joseph as to Count IV and/or Thomas Reed as to Count V were engaged in the lawful performance of their duties.
And, seven, Kedrick Chae Taylor during the commission of the attempted first degree murder personally possessed a semiautomatic firearm and its high capacity detachable box magazine.
(Emphasis added). At the conclusion of the charge to the jury, the trial court inquired as to whether there were any exceptions or objections to the content or manner in which the instructions were given. No objections were entered.
Based on the factual circumstances set forth above, we find Anderson v. State, 276 So.2d 17 (Fla.1973) to be controlling. In Anderson, the defendant was convicted of first degree murder where premeditation was neither defined nor explained to the jury. The Florida Supreme Court held that the "[f]ailure to define `premeditation' in a first degree murder charge is reversible error, even where no objection was made by the defendant." Id. at 19. In finding such failure to be reversible, the court explained:
`It is rudimentary, and should require no citation of authority, that the one essential element which distinguishes first-degree murder from second-degree murder is premeditation. The term `design' as mentioned in each of the two degrees, means the specific intent to kill, and in second-degree murder such specific intent may, or may not, be present. The difference is, that in second-degree murder, if it is present, it is not premeditated. Thus, premeditation is the ever-present distinguishing factor; and no doubt should be left in the minds of the jury as to its complete and full legal import. No door should be left open for confusion as to what it means. Without the full and complete definition of premeditation, the jury would have neither an understanding of what they were looking for to determine it, nor what to exclude to reject it.' Polk v. State, Fla.App., 1965, 179 So.2d 236.
Id. at 18.
In the instant case, in order for the jury to find appellant guilty of attempted first degree murder, despite appellant's protestations of denying shooting at the officers, it was incumbent upon them to find that appellant formed a conscious decision to kill. As in Anderson, "[w]ithout the full and complete definition of premeditation, the jury would have neither an understanding of what they were looking for to determine it, nor what to exclude to reject it." 276 So.2d at 18. Thus, the failure of the trial court, albeit inadvertent, to define premeditation for the jury amounted to fundamental error as it was an essential element and material to the crime for which appellant was charged.
We affirm appellant's armed robbery convictions. Prior to the commencement of *1295 trial, defense counsel informed the trial court of his trial strategy to concede guilt on the armed robbery charges but defend against the attempted murder charges. Upon inquiry by the trial court, appellant stated that he approved of such strategy. At trial, appellant testified on his own behalf, admitting his participation in the armed robberies but denying that he shot at the officers. Consistent with this agreed-upon strategy, defense counsel repeatedly alluded to appellant's guilt on the armed robbery charges during the trial and in closing arguments.
Appellant now appeals his convictions contending that defense counsel's strategy was tantamount to a guilty plea, which obligated the trial court to inquire into appellant's knowing consent to this strategy. See Wiley v. Sowders, 647 F.2d 642 (6th Cir.), cert. denied, 454 U.S. 1091, 102 S.Ct. 656, 70 L.Ed.2d 630 (1981). Appellant maintains that the trial court failed to make a proper inquiry into his consent. We do not agree.
An attorney may not admit his client's guilt which is contrary to his client's earlier entered plea of "not guilty" unless the defendant unequivocally understands the consequences of the admission. Wiley, 647 F.2d at 649. While counsel may believe it tactically wise to stipulate to a particular element of a charge or to issues of proof, an attorney may not stipulate to facts which amount to the "functional equivalent" of a guilty plea without his consent. Id.
We find Wiley to be distinguishable from the instant case. In Wiley, the defense counsel made repeated references to the defendant's guilt, as an apparent trial tactic, during closing argument, but had not obtained the defendant's consent prior to trial. The defendant was convicted and then sought habeas corpus relief. Directing the federal district court to order the release of the defendant, the Sixth Circuit recognized that defense counsel's admission of defendant's guilt before the finder of fact is the functional equivalent of a guilty plea which triggers the trial court's obligation to make an inquiry into the defendant's consent to the trial strategy.
Unlike Wiley, prior to the commencement of trial in this case and in direct response to the trial court's inquiry, appellant expressly approved of defense counsel's trial strategy in order to defend against the attempted murder charges. Appellant's support of this trial strategy is further evidenced by his own testimony admitting his guilt. Accordingly, we find no merit to appellant's argument on appeal that he did not consent to defense counsel's strategy of admitting his guilt in the armed robbery charges. A party may not make or invite error at trial, and then take advantage of the error on appeal. See Buggs v. State, 640 So.2d 90 (Fla. 1st DCA 1994).
As to appellant's remaining points on appeal, we affirm without comment.
AFFIRM IN PART; REVERSE IN PART AND REMAND FOR A NEW TRIAL.
WARNER and KLEIN, JJ., concur.