715 So.2d 991 (1998)
Robert GEDDIS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0656.
District Court of Appeal of Florida, Fourth District.
June 24, 1998.
Rehearing Denied August 18, 1998.
Richard L. Jorandby, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
Appellant was charged with premeditated murder and robbery with a deadly weapon, a knife. He was convicted on both counts and sentenced to life in prison. He argues that his counsel's closing argument was tantamount to a guilty plea, to which he did not consent, and that he is therefore entitled to a new trial. We affirm.
The body of the victim, who died of multiple stab wounds, was found behind a convenience store. Appellant admitted, after being given his Miranda rights, that he had stabbed the victim, dragged him behind the store, and taken the victim's money. He explained that he and the victim had been going from bar to bar, looking to buy drugs with the victim's money. He admitted in his testimony at trial that he had stabbed the victim after they had gotten into a fight, and that he had taken the victim's money, but that he had no intent, because he was intoxicated from alcohol and drugs. He also admitted at trial that he had told a witness prior to the killing that he intended to "jack" the victim, which meant getting the victim to part with his money voluntarily as part of a scheme. Although his defense was that he was intoxicated, he admitted remembering that he had stabbed the victim three times.
On appeal, appellant complains about his counsel's closing argument, which he claims was tantamount to a plea of guilty. His counsel argued as follows:
And if you do not believe that there is premeditated murder, and you do not believe that there is any intent on the part of the Robert Geddis to rob Robert Livolsi, but there is an intent on his part to take his money, then it would be either second degree murder or third degree.
* * * * * *
Then if there are those of you that believe that way, like I do, then I'm going to ask you to render a proper verdict, either it would be third degree murder or second degree murder.
* * * * * *
We're not asking you to find him not guilty. We're not saying this is self-defense. The other man wasn't armed. The *992 other man didn't have a fair fight. The other man shouldn't be dead. Nobody questions that.
* * * * * *
But does he deserve first degree murder? I don'tI don't think so. I really, with all of my heart, don't think so. If you do, fine. I'm not going to argue with you, if that's what you truly believe.
Appellant argues that he is entitled to a new trial because counsel may not admit a client's guilt, contrary to a plea of not guilty, unless the client consents. He relies on Wiley v. Sowders, 647 F.2d 642 (6th Cir.1981), in which the sixth circuit held that the trial court must inquire as to whether defendant has consented to counsel's trial strategy of admitting guilt.[1]Wiley is distinguishable, however, because in Wiley defense counsel admitted that his client was guilty of the offense with which he was charged. In the present case, counsel was not conceding that his client was guilty of the offense charged, first degree murder.
Although appellant is raising this issue on direct appeal from his conviction, it is more often addressed in post-conviction relief cases, in which the defendant is asserting ineffective counsel. In Magill v. State, 457 So.2d 1367 (Fla.1984), our supreme court held that counsel was not ineffective for failing to contest guilt where the strategy was to have the jury convict of second degree murder, a lesser offense, in order to save defendant's life. See also McNeal v. Wainwright, 722 F.2d 674 (11th Cir.1984)(suggesting client charged with first degree murder was guilty of manslaughter was not ineffective assistance of counsel).
We conclude that under the facts of this case, in which the appellant was facing a possible death sentence for having committed premeditated murder, and appellant admitted the stabbing and taking the victim's money, it was not necessary for the trial court to have inquired as to whether counsel obtained appellant's consent to let him attempt to persuade the jury to save appellant's life by convicting him of a lesser offense. If defense counsel would routinely get consent from their clients, however, even where the case law may not clearly require it, it could result in fewer appeals and post-conviction proceedings involving this issue.
We have considered the other issues raised by appellant and find them to be without merit. Affirmed.
DELL and WARNER, JJ., concur.
NOTES
[1] The sixth circuit, in a subsequent appeal in Wiley, held that the type of error resulting in reversal in its first Wiley decision should be remanded for a factual finding as to whether the defendant had agreed to counsel's strategy, rather than a setting aside of the conviction. Wiley v. Sowders, 669 F.2d 386 (6th Cir.1982).