731 So.2d 802 (1999)
Joseph YORK, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1610.
District Court of Appeal of Florida, Fourth District.
April 21, 1999.
*803 Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
In this appeal from a conviction for robbery with a deadly weapon, the appellant urges this court to hold that before an attorney can concede the guilt of his or her client as part of a trial strategy, due process requires the trial court to conduct an on-the-record inquiry to determine that the defendant understands the consequences of the concession. We hold that there is no such requirement and affirm.
Appellant was charged and tried for robbery with a firearm or deadly weapon. The owner of a grocery store was carrying a bank deposit bag to his car when he felt a tug on the bag. When he turned around, he saw a young man who he identified as the appellant. The assailant continued to tug at the bag, saying "give me the bag, the bag, the bag." The grocer would not release the bag, at which point appellant drew a gun and put it in the grocer's face. The owner, being in fear for his safety, let appellant have the bag. At trial, during opening statement and again in closing argument, appellant's attorney conceded that appellant robbed the grocery store owner. The issue, according to appellant's attorney, was whether appellant used a real gun or, as appellant claimed, a toy gun. There was no record inquiry as to the attorney's authority to admit his client's guilt of robbery. The jury found appellant guilty as charged of robbery with a deadly weapon.
On appeal, appellant points to Wiley v. Sowders, 647 F.2d 642 (6th Cir.)("Wiley I"), cert. denied, 454 U.S. 1091, 102 S.Ct. 656, 70 L.Ed.2d 630 (1981), the case of Earl Wiley, as standing for the proposition that the trial court was required to make an inquiry regarding the voluntariness of his decision to allow his attorney to admit guilt as to the robbery portion of the crime charged. However, Wiley I cannot be understood without reading Wiley v. Sowders, 669 F.2d 386 (6th Cir.1982)("Wiley II"), the case of Elmer Wiley, Earl's brother and partner in crime. In both cases, the brothers made claims of ineffective assistance of counsel because their attorneys repeatedly admitted their guilt to the jury and simply asked for mercy from the jury. In Wiley I, the court held that the decision to plead "guilty" or "not guilty" was a decision reserved solely for the accused based on his intelligent and voluntary choice. See 647 F.2d at 648-49. The court went on to state that the trial court must make an on-the-record inquiry of the defendant to insure that defendant's plea is voluntary and intelligent. See id. at 649.
However, in Wiley II, the court subsequently explained its holding and dicta in Wiley I:
In Wiley the petitioner's brother made a similar claim of ineffective assistance of counsel. In that case, however, the trial attorney made no claim that his client had consented to an admission of guilt during closing arguments. In the instant case the trial attorneys have submitted an affidavit in which they claim the trial strategy of conceding guilt and seeking leniency was fully discussed with the petitioner and that he consented to this trial strategy. This distinction between Wiley and the present case is crucial. In Wiley we held,
that petitioner was deprived of effective assistance of counsel when his own lawyer admitted his client's guilt, without first obtaining his client's consent to this strategy. In those rare *804 cases where counsel advises his client that the latter's guilt should be admitted, the client's knowing consent to such trial strategy must appear outside the presence of the jury on the trial record in the manner consistent with Boykin [v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)].
647 F.2d 650. We understand the first sentence of the above quoted passage to be the holding of the court. The second sentence is unnecessary to that holding and, therefore, is dictum. We conclude that an on-the-record inquiry by the trial court to determine whether a criminal defendant has consented to an admission of guilt during closing arguments represents the preferred practice. But we did not hold in Wiley, and we do not now hold, that due process requires such a practice.

669 F.2d at 389 (emphasis supplied).
We agree with Wiley II that due process does not require an on-the-record inquiry. In Geddis v. State, 715 So.2d 991, 992 (Fla. 4th DCA 1998), we determined that where counsel was not conceding his client's guilt to the offense charged, but rather was admitting guilt to a lesser charge, the trial court was not required to make an inquiry as to whether the appellant had consented to his counsel's strategy to admit a lesser included offense. If counsel did not obtain the client's consent, that issue could be raised as a claim of ineffective assistance of counsel in a postconviction motion, but it could not be raised on direct appeal. See id. Consistent with Wiley II, we also suggested that the better practice would be to obtain an on-the-record consent simply to avoid appellate or postconviction issues. We never held, however, that an on-the record inquiry was mandated.
Taylor v. State, 695 So.2d 1293 (Fla. 4th DCA 1997), does not hold otherwise. Taylor did not adopt Wiley I. Instead, it distinguished Wiley I on its facts since Taylor included the appellant's on-the-record approval of defense counsel's strategy and his own admission of guilt. Nowhere in the opinion do we state that due process compels an on-the-record consent by the client to his trial attorney's strategic decisions.
We therefore affirm the conviction and sentence, without prejudice to appellant's raising the issue of consent to the attorney's admission of his guilt as an issue in postconviction proceedings where a full exploration of the trial attorney's strategy decisions and his communications with his client can be aired.
STONE, C.J., and GROSS, J., concur.