763 So.2d 1140 (2000)
Anthony McMILLAN, Appellant,
v.
STATE of Florida, Appellee.
No. 99-1084.
District Court of Appeal of Florida, Fourth District.
January 19, 2000.
*1141 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, C.J.
Anthony McMillan appeals his conviction and sentence for robbery with a firearm and carjacking. He makes several claims of error and we affirm all issues, writing only to address his contention that he is entitled to an evidentiary hearing because his trial counsel conceded his guilt during opening and closing argument without any record of his consent to the trial strategy. We affirm.
Appellant was charged with carjacking with a firearm, robbery with a firearm, burglary of a structure, and driving while license suspended. Appellant claims that defense counsel improperly conceded his guilt during opening and closing arguments as to the carjacking, a charge of burglary of a structure and driving while license suspended. During closing argument counsel conceded appellant's guilt of the lesser included offense of grand theft as to the carjacking charge. Appellant asserts that because there was no record inquiry as to whether he consented to this strategy, he is entitled to an evidentiary hearing to determine the issue of his consent.
As to the concessions in opening statement, there can be no appellate issue raised regarding the statements conceding guilt as to burglary of a structure or driving while license suspended, because the trial court entered judgments of acquittal as to those counts. With respect to the concession of guilt as to grand theft in closing argument, we are not certain that the closing argument amounts to a concession of guilt on any charge. Even if it does, we have previously held that there is no requirement that the trial court conduct an on-the-record inquiry as to whether a defendant agrees with the defense strategy of conceding guilt of a lesser included charge. See York v. State, 731 So.2d 802, 804 (Fla. 4th DCA 1999); Geddis v. State, 715 So.2d 991, 992 (Fla. 4th DCA 1998). This matter is properly left to postconviction proceedings on ineffectiveness of counsel, if that be the case.
Appellant cites to Nixon v. State, 572 So.2d 1336, 1339-40 (Fla.1990), cert. denied, 502 U.S. 854, 112 S.Ct. 164, 116 L.Ed.2d 128 (1991), as standing for the proposition that a remand by the appellate court is permissible to determine whether the defendant agreed to his counsel's strategy of conceding guilt. That case does not so hold. While in Nixon, a death penalty case, the supreme court did remand to hold such a hearing, it noted that this was an "atypical" procedure. See id. Despite the remand for a hearing, the court found that the record was still incomplete and declined to decide the issue, reserving it instead for postconviction proceedings pursuant to rule 3.850, Florida Rules of Criminal Procedure. That is exactly what we have held to be the proper procedure. *1142 Our declining to remand for such a hearing in this case does not conflict with Nixon.
We affirm the conviction and sentence of appellant.
STEVENSON and GROSS, JJ., concur.