PER CURIAM.
The trial court summarily denied appellant’s motion for post-conviction relief filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. Appellant alleged ineffective assistance of counsel based on trial counsel’s failure to assert his speedy trial rights, and that counsel was ineffective for “conceding” guilt to lesser included offenses. We find appellant’s allegations concerning his speedy trial claim legally sufficient to warrant further examination. See Hankins v. State, 677 So.2d 112 (Fla. 4th DCA 1996).
As to the concession of guilt claim, if counsel had conceded guilt of the lesser included offense, an evidentiary hearing would be required. Having reviewed the portion of the closing arguments provided by appellant, it is clear that counsel was not conceding guilt of any of the lesser included offenses. See McMillan v. State, 763 So.2d 1140, 1141 (Fla. 4th DCA 2000). Rather, counsel argued that appellant hoped that the jury would consider the lesser included offenses as appellant did not expect to be found not guilty of everything. Therefore, the trial court was correct in denying this ineffective assistance claim.
We reverse and remand this cause to the trial court with instructions to either conduct an evidentiary hearing or to attach those parts of the record showing that appellant is not entitled to relief with respect to his speedy trial claim.
GUNTHER, WARNER and KLEIN, JJ., concur.