814 So.2d 481 (2002)
Agustin CARMONA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1431.
District Court of Appeal of Florida, Fifth District.
April 5, 2002.
*482 Paul L. Militello of Carney & Militello, P.A., Crystal River, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
Agustin Carmona appeals the denial of his Rule 3.850, Florida Rules of Criminal Procedure, motion seeking to avoid conviction for driving under the influence causing serious bodily injury by alleging ineffective assistance of counsel.

Ineffective Assistance of Counsel
Carmona claims that his trial counsel was ineffective for failing to call an expert witness and stipulating with the State that the victim suffered serious bodily injury. Defense counsel had retained a physician to review Carmona's blood testing and determine his blood alcohol level at the time of the accident. Carmona supplied information to the physician who concluded that had Carmona ingested the amount of alcohol claimed by him, his blood alcohol level would have been zero at the time the blood was taken. Because the result of the test was .10, defense counsel suspected that his client was being less than truthful. Defense counsel was concerned that this information could be elicited during cross-examination by the State if the physician was called as a defense witness. Thus, a tactical decision was made to have the physician available for trial but not to call him unless necessary. During trial, defense counsel was able to effectively cross-examine the State's witness by obtaining testimony that if the blood sample had been taken just prior to the accident, the blood alcohol level could have been negligible or less than .01 at the time of the crash.
Considering the tactical reasoning behind defense counsel's decision not to call the physician, including his concerns that Carmona would be proven untruthful about the amount of alcohol consumed, we find that defense counsel's tactical decision was not so "patently unreasonable that no competent attorney would have chosen it." Haliburton v. Singletary, 691 So.2d 466, 471 (Fla.1997). See also State v. Riechmann, 777 So.2d 342 (Fla.2001) (holding that examination of defense counsel's decision not to call rebuttal expert should be examined in light of tactical factors, effectiveness of cross-examination of State's expert and availability of expert).
Even if defense counsel's decision could be interpreted as unreasonable, we note that Carmona must also satisfy a second prong that he was prejudiced by the unreliable trial result. This is described as a "finding that the deficient performance put the whole case in such a different light as to undermine the court's *483 confidence in the outcome of the proceeding." Hill v. State, 788 So.2d 315, 319 (Fla. 1st DCA 2001). Considering the fact that the jury had heard the State's expert testify that Carmona's blood alcohol may have been negligible and that the State had presented other evidence of impairment, including testimony as to the smell of alcohol on Carmona's breath and his slurred speech, we find that this prong of the test was not met.
Carmona's next claim is that defense counsel's stipulation to the serious bodily injury element of his charged offense constituted ineffective assistance of counsel. Carmona cites Taylor v. State, 695 So.2d 1293 (Fla. 4th DCA 1997) and Wiley v. Sowders, 647 F.2d 642 (6th Cir. 1981) for the proposition that it is impermissible for defense counsel to stipulate in such a way as to admit guilt of an element of the offense, unless the defendant approves of such stipulation on the record. Carmona's reliance on these cases is misplaced. These cases hold that defense counsel may not, without the defendant's consent, enter a plea of guilty or stipulate to facts which amount to the "functional equivalent" of a guilty plea. Taylor, 695 So.2d at 1295; Wiley, 647 F.2d at 649. Defense counsel's stipulation to serious bodily injury was not the "functional equivalent" of a guilty plea because the State was still required to prove impairment. The undisputed testimony proved that the victim suffered numerous serious injuries including a fractured pelvis and permanent brain damage; a finding of serious bodily injury was inevitable. Carmona's chance for an acquittal depended on whether he was unimpaired at the time of the accident and not whether the victim suffered serious bodily injury. Additionally, Carmona would not be able to prove that he was prejudiced by the stipulation.
We find no merit in Carmona's remaining claims.
Lastly, we correct the scrivener's error that appears in the judgment of guilt entered against Carmona which incorrectly indicates that he pled guilty instead of his actual plea of not guilty. See Caldwell v. State, 707 So.2d 907 (Fla. 5th DCA 1998).
AFFIRMED.
SHARP, W. and GRIFFIN, JJ., concur.