IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CAMERON J. ROSE,

      Appellant,

 v.                                       Case No.  5D16-1028

STATE OF FLORIDA,

      Appellee.
_____/

Opinion filed September 7, 2017

Appeal from the Circuit Court
for Lake County,
William G. Law, Jr, Judge.

Eneid Bano, of Bano Law Firm PL,
Casselberry, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Nora H. Hall, Assistant
Attorney General, Daytona Beach, for
Appellee.

COHEN, C.J.

      Cameron Rose appeals his conviction for attempted burglary. He raises three

issues on appeal, only one of which merits discussion. Rose argues that the trial court

erred in denying his motion for mistrial after his status as a probationer was admitted into

evidence, despite an order granting a motion in limine prohibiting admission of that

evidence. We affirm.

Rose represented himself at trial. The victim owns the Palms Hotel, where Rose resided when a dispute over toiletry items ensued. The victim testified that Rose, while threatening to kill him, attempted to break into the hotel's locked office. Rose broke the office door's glass pane; his hand was bleeding as a result, and his blood was recovered from the office door. There was conflicting testimony on whether he reached through the door, attempting to unlock it.

The State did not introduce evidence regarding Rose's probationary status at trial. Rather, Rose elicited this information from the victim on cross-examination. Rose asked the victim how many times he had stayed at the hotel, and the victim stated that Rose was first placed at the hotel by a probation office, which assisted Rose with rent payments. Rose did not object or move for a mistrial at that point. Instead, he followed up with a series of questions, confirming that the probation office paid for his initial stay. Notably, in the questions Rose posed, he himself mentioned his probationary status several times. None of the disputed testimony related to whether Rose committed the burglary.[1]

The trial court correctly found that Rose opened the door to the victim's testimony about his probationary status. Because Rose elicited the victim's statements about the arrangement with the probation office, and the victim's answers were responsive to the questions Rose asked, any error in the admission of this testimony was invited. "'[A] party may not make or invite error at trial and then take advantage of the error on appeal.'" Morgan v. State, 146 So. 3d 508, 512–13 (Fla. 5th DCA 2014) (quoting Sheffield v. Superior Ins. Co., 800 So. 2d 197, 202–03 (Fla. 2001)); see, e.g., Buggs v. State, 640

---

[1] It appears that Rose was trying to portray the victim in a bad light by eliciting testimony that the victim had terminated Rose's stay at the hotel for non-payment.

So. 2d 90, 91 (Fla. 4th DCA 1994) (finding defense counsel's question on cross-examination that elicited information subject to order on motion in limine was invited error because answer was responsive to question counsel posed).

   AFFIRMED.

WALLIS and LAMBERT, JJ., concur.