727 So.2d 324 (1999)
Stuart Mark DEMURJIAN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3049.
District Court of Appeal of Florida, Fourth District.
February 17, 1999.
*325 Richard L. Rosenbaum of Law Offices of Richard L. Rosenbaum, Ft. Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
In his motion for postconviction relief, appellant claimed that his trial counsel provided ineffective assistance of counsel in his "all or nothing" closing argument, in which he invited the jury to ignore the lesser included offenses and determine that the appellant was either guilty of first degree murder or killed the victim in self-defense. The trial court determined that this was not an uncommon litigation strategy and did not constitute ineffective assistance of counsel. We affirm.
Appellant was charged with and convicted of first degree murder. From the inception of the case, appellant adamantly maintained that he killed the victim in self-defense. He appealed his conviction and sentence to this court, arguing that there was insufficient evidence of premeditation to support a first degree murder conviction. This court rejected that position and affirmed. See Demurjian v. State, 557 So.2d 642 (Fla. 4th DCA 1990).
As noted, appellant claimed that the killing occurred during an act of self-defense. Counsel testified that appellant wanted to plead not guilty because "he told me he was not guilty of this offense" and abhorred the idea of taking a plea to seventeen years in prison for a crime which he didn't think he had committed, although he did admit to stabbing the victim. During closing argument, counsel made the following argument:

*326 [b]ut I want to leave you with this and I mean it, I will leave you with what Stuart Demurjian told me today. Don't consider the lesser included charges here. This was either self-defense or it wasn't. You either come back guilty of first degree murder or you do what is the right thing, you find Stuart not guilty because you have a reasonable doubt.
Nevertheless, the jury was instructed on all of the lesser included offenses. Appellant testified in the postconviction hearing that he was not consulted on counsel's decision to argue to the jury that it should not consider the lesser included offenses but rather should convict appellant of first degree murder or find him not guilty.
At the hearing on appellant's motion, defense counsel testified that he recalled making the "all or nothing" argument to the jury and explained as follows:
[o]ne thing Stuart and I have in common is that we both like the Oakland Raiders. And one reason we like the Raiders was Stabler, I think, and we threw long. And we figured he's either going to be not guilty or it was going to be the worse. And I've done that probably on eight or nine occasions in murder cases.
Defense counsel testified that he recalled telling the jury that this decision was based on what appellant wanted to do. In its ruling the court commented that an "all or nothing" litigation strategy is not an uncommon practice. Moreover, the court noted that the jury was actually instructed on all of the lesser included offenses, including second degree murder or manslaughter. The court also believed that appellant had the opportunity to consult with his attorney, but failed to do so. While it was apparent that counsel's thoughts at various stages of the case were the predominant ones, the court did not find that to be unusual. The court therefore did not find counsel's representation deficient.
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set the standard to review a claim of ineffectiveness of counsel. A defendant must first illustrate that counsel's performance was deficient and then must show that the deficient performance prejudiced the defense. As noted in Strickland, where matters of litigation strategy are concerned, a high degree of deference to counsel's decisions is given:
[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions.
. . . .
Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.... Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."
466 U.S. at 688-89, 104 S.Ct. at 2065 (citations omitted).
An ineffective assistance of counsel challenge presents a mixed question of law and fact subject to plenary review. See Rose v. State, 675 So.2d 567, 571 (Fla.1996). However, where the trial court makes findings of fact after an evidentiary hearing on a rule 3.850 motion, those findings will not be disturbed on appeal. See Smith v. State, 697 So.2d 991, 992 (Fla. 4th DCA 1997). In essence, the appellate court should defer to the factual findings of the trial court, but can substitute its own judgment to determine if those facts legally constitute a claim for ineffective assistance of counsel.
Appellant contends the "all or nothing" closing argument was deficient under *327 the facts of the case, and appellant never consented to such a strategy. Unlike cases where defense counsel concedes guilt on a lesser included offense, see, e.g., Taylor v. State, 695 So.2d 1293, 1294-95 (Fla. 4th DCA 1997), there is no requirement for counsel to obtain a client's consent for trial strategy decisions. To require such consent would severely undermine the value of the "constitutionally protected independence of counsel" and would begin the imposition of a set of rules that was rejected by Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.
We agree with the trial court that counsel's closing argument was a strategic choice which did not amount to deficient representation in light of his client's adamant assertion of a self-defense claim. As the trial court observed, the "all or nothing" approach is not an uncommon strategy in criminal defense cases. Moreover, as the trial court noted, in cases where the jury is instructed on lesser included offenses, as in the instant case, the subject strategy does not involve nearly as much risk as in those cases where such argument is made after counsel has insisted that the court not instruct the jury on any lessers. The assertion of a self-defense claim is meant to result in an outright acquittal. To simultaneously argue for conviction of a lesser included offense would severely affect the believability of the self-defense claim. In this case, in order for counsel to argue in closing for the consideration of lesser offenses, he would have had to contradict his client, who in his confession adamantly maintained that it was a killing in self-defense.
Appellant also raises several other claims of ineffective assistance of counsel. First, he claims that counsel was ineffective for allowing appellant to appear at trial in prison garb. An individual accused of a crime cannot be forced, over his objection, to stand trial in identifiable prison clothing. See Torres-Arboledo v. State, 524 So.2d 403, 409 (Fla.), cert. denied, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988). While it is not clear in the record that appellant had on clothing which would have communicated to the jury his status as a prisoner, in any event, appellant's testimony refutes the proposition that this occurred without his consent. Counsel testified that it was his tactic to have the jury notice that appellant was wearing prison garb to evoke sympathy. Further, appellant testified that he had a "choice" and that his attorney did not "force" him to wear prison clothes. Thus, there was no ineffective assistance of counsel on that ground.
Second, appellant alleges that defense counsel did not permit him to testify at trial. However, there is no per se rule of ineffectiveness when a defendant claims a right to postconviction relief based on counsel's interference with the right to testify; the defendant must show both counsel's deficient performance and that counsel's deficient performance prejudiced the defense. See Oisorio v. State, 676 So.2d 1363, 1364 (Fla.1996). The trial court found that counsel's performance was not deficient, noting that appellant had made two statements which were not entirely consistent in their details of what occurred on the night of the crime. Were the appellant to testify, the prosecutor could exploit those differences. On this basis, the trial court found that counsel was not deficient in preventing appellant from testifying. Moreover, appellant has not demonstrated prejudice since his confession detailing his self-defense claim was before the jury.
Next, appellant contends that the trial court erred in rejecting his claim that counsel was ineffective for failing to properly explain the gain time effects with regard to the state's plea offer of thirty years. While in prison, appellant apparently learned that he would have to serve only one-third of a 30 year sentence if all gain time was awarded. At the hearing, counsel testified that he did not tell appellant that he would have to serve "day for day" the entire time; instead he discussed the approximate service time, as "it's a guesstimate as to what you're going to serve." Appellant admitted that an attorney in counsel's office did explain to him the parole system, and counsel noted that he went over the plea offer "countless times" after using every bit of persuasion to get the lowest plea. While counsel's misrepresentation about the length of a sentence can be the basis to vacate a plea, see State v. Leroux, 689 So.2d 235, 236 (Fla.1996), there appears *328 to have been no misrepresentations in this case. Counsel informed appellant that gain time would reduce his sentence, even though he did not say exactly by how much, because it would be a "guesstimate." The trial court found no deficient representation, nor do we. Finally, appellant's last point regarding bias upon the part of the trial judge at the postconviction relief hearing lacks any merit.
After this appeal was filed, appellant moved to supplement the record with various documents which were not before the trial judge at the hearing. While we granted the motion to supplement without any objection filed by the state, these are not part of the record on which the trial court made its ruling. We do not know why these documents were not presented to the trial court, as all were in the possession of appellant or his parents at the time of the hearing. Nevertheless, we have not considered them in our determinations.
Finding no error in the trial court's order, we affirm.
GROSS, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.