753 So.2d 693 (2000)
Jeffrey HARLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-4080.
District Court of Appeal of Florida, Fourth District.
March 15, 2000.
*694 Jeffrey Harley, Arcadia, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Jeffrey Harley appeals the trial court's order denying his motion for post-conviction relief. We reverse on two points.
Harley's claim that counsel's failure to investigate an intoxication defense constituted ineffective assistance of trial counsel and requires an evidentiary hearing. Harley alleges sufficient facts to support the claim, i.e., he was intoxicated when the crimes occurred and he told his attorney of his intoxication.
The trial court accepted the state's position that trial counsel's failure to raise a voluntary intoxication defense was a strategic decision and the defense was inconsistent with the trial defense of misidentification. Generally, an evidentiary hearing is required to conclude that action or inaction was a strategic decision. See Sampson v. State, 751 So.2d 602 (Fla. 2d DCA 1998). This case is remanded for the trial to conduct an evidentiary hearing in connection with that claim.
At the very least resentencing is required. Harley contends that he was sentenced under the "Officer Evelyn Gort and All Fallen Officers Career Criminal Act of 1995". That Act has been held to be unconstitutional, and Harley's crimes occurred within the window period as set forth by this court. State v. Thompson, 750 So.2d 643 (Fla. 1999); Salters v. State, 731 So.2d 826 (Fla. 4th DCA 1999).
GUNTHER, FARMER and HAZOURI, JJ., concur.