PER CURIAM.
The circuit court denied appellant’s claim of ineffective assistance based on his trial counsel’s alleged failure to investigate and present a defense of voluntary intoxication. We find that this claim is facially sufficient, see Harley v. State, 753 So.2d 693 (Fla. 4th DCA 2000); Kelly v. State, 712 So.2d 780 (Fla. 2d DCA 1998), and was not conclusively refuted with record attachments. As to appellant’s claim that the thirty-year minimum-mandatory sentence term is improper, the state and the circuit court concede the necessity for correction of that term, and state that a prison disposition reflecting the correction of that term to a ten-year term has been entered. Unfortunately, that disposition was not provided to this Court.
We, therefore, reverse and remand for attachment of portions of the record which conclusively refute these two claims or for an evidentiary hearing thereon.
We affirm the circuit court’s order as to appellant’s claim regarding the predicate offense of attempted armed robbery.
FARMER, KLEIN and GROSS, JJ., concur.