792 So.2d 604 (2001)
James N. WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3273.
District Court of Appeal of Florida, Fourth District.
August 15, 2001.
*605 James N. Walker, Miami, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
This is a final appeal of an order summarily denying appellant's motion for postconviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, on four out of six grounds originally alleged, as per this court's mandate in Walker v. State, 701 So.2d 668 (Fla. 4th DCA 1997).
We find that the trial court did not err in summarily denying post-conviction relief on appellant's claims of ineffective assistance of trial counsel asserted in grounds two, five and six, and affirm as to the denial of those claims. However, we reverse and remand the trial court's summarily denial of ground one, in which appellant alleged ineffective assistance of trial counsel for failure to allow him to testify on his own behalf and failure to present a defense of voluntary intoxication and insanity. We find that claim legally and factually sufficient, and that it was not refuted by the portions of the record attached to the State's response which were incorporated into the trial court's order of summary denial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Palau v. State, 782 So.2d 969 (Fla. 4th DCA 2001); Harley v. State, 753 So.2d 693 (Fla. 4th DCA 2000); Kelly v. State, 712 So.2d 780 (Fla. 2d DCA 1998).
Generally, an evidentiary hearing is required to conclude that action or inaction was a strategic decision. See Sampson v. State, 751 So.2d 602 (Fla. 2d DCA 1998). We find that ground one presented claims involving what may have been strategic decisions of trial counsel. Therefore, we reverse the trial court's summary denial of ground one, and remand for the trial to conduct an evidentiary hearing on that claim. We affirm the circuit court's order as to appellant's grounds two, five and six.
GUNTHER, FARMER and GROSS, JJ., concur.