805 So.2d 116 (2002)
Nicholas PINEDA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2001.
District Court of Appeal of Florida, Fourth District.
January 23, 2002.
Frank De La Grana, Tampa, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Nicholas Pineda (Appellant) seeks review of an order denying his rule 3.850 motion alleging two claims of ineffective assistance of counsel. We find merit in only his second claim and, therefore, affirm in part and reverse in part.
*117 Prior to Appellant's trial, counsel was given dress clothes for Appellant to wear during his trial; however, counsel neglected to bring them to court having left them in his car. When Appellant inquired about his clothing, counsel allegedly assured him that it was not a problem, and allowed his client to proceed with his trial wearing a jail uniform. Appellant raised this in his post-conviction relief motion, but the trial court rejected this claim as legally insufficient. Upon his motion for rehearing, the court again summarily rejected this ineffectiveness of counsel claim because it believed that it was incumbent upon Appellant to bring this matter to the court's attention. The trial court further reasoned that counsel may have permitted this for strategic reasons, and the court should not second guess the attorney's trial tactics.
Appellant's claim is not refuted by the record. Therefore, the trial court should have ordered an evidentiary hearing so that it might determine whether Appellant is entitled to a new trial. The trial court erred in making a determination that this was trial strategy on the part of Appellant's counsel without first conducting an evidentiary hearing.
Generally, an evidentiary hearing is required to conclude that action or inaction was a strategic decision. Walker v. State, 792 So.2d 604, 605 (Fla. 4th DCA 2001); Sampson v. State, 751 So.2d 602 (Fla. 2d DCA 1998). See also Guisasola v. State, 667 So.2d 248, 249 (Fla. 1st DCA 1995); Collins v. State, 671 So.2d 827, 828 (Fla. 2d DCA 1996)("Matters of trial strategy should not be determined without an evidentiary hearing.").
Moreover, a criminal defendant cannot be compelled to stand trial in prison clothing, see Torres-Arboledo v. State, 524 So.2d 403, 409 (Fla.), cert. denied, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988), because it could impair the defendant's presumption of innocence, which is a basic component of the fundamental right to a fair trial. See Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126, reh'g denied, 426 U.S. 954, 96 S.Ct. 3182, 49 L.Ed.2d 1194 (1976). In addition, equal protection concerns are triggered because "compelling the accused to stand trial in jail garb operates usually against only those who cannot post bail prior to trial." Id. at 505-06, 96 S.Ct. 1691. See also Waters v. State, 779 So.2d 625 (Fla. 1st DCA 2001)(finding ineffectiveness of counsel claim facially sufficient where trial counsel failed to object to defendant's appearance in court in prison garb).
We have considered, but distinguish, our earlier decision in Demurjian v. State, 727 So.2d 324 (Fla. 4th DCA 1999). In Demurjian, the defendant claimed his counsel was ineffective for allowing him to appear at trial in prison garb. Although this court ultimately decided his claim lacked merit, we did so because the appellant testified that he had a "choice," his attorney did not "force" him to wear prison clothes, and his lawyer testified that it was his tactic to have the jury notice that he wore prison garb to evoke sympathy. We note that, there, this court ordered an evidentiary hearing on Demurjian's claim before reaching a decision on the merits.
The state suggests it was incumbent upon Appellant to bring this matter to the attention of the trial court and that he made a deliberate choice to proceed with his trial after voicing his concern to counsel. However, Appellant alleges that his lawyer affirmatively misadvised him that it was not a problem and allowed him to proceed with his trial in jail attire. A client's acquiescence to trial counsel's conduct does not necessarily insulate the lawyer's performance from judicial review in a *118 post-conviction proceeding. See Evans v. State, 737 So.2d 1167 (Fla. 2d DCA 1999). Ineffective representation is sufficiently alleged by a claim that counsel not only left his client's clothes in his car, compelling him to wear jail garb, but also assured him that it was okay to attend his trial in jail attire.
Accordingly, we reverse that part of the lower court's order denying relief on this claim and remand for an evidentiary hearing or the attachment of portions of the record that conclusively refute it.
AFFIRMED IN PART; REVERSED IN PART.
GUNTHER, STONE, and SHAHOOD, JJ., concur.