831 So.2d 725 (2002)
Ivan PALMER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2551.
District Court of Appeal of Florida, Fourth District.
November 13, 2002.
Rehearing Denied December 18, 2002.
Ivan Palmer, Punta Gorda, pro se.
*726 Richard E. Doran, Attorney General, Tallahassee, and Donna M. Hoffmann, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The defendant appeals the denial of his 3.850 motion and raises four issues. We find his first claim worthy of an evidentiary hearing and reverse the summary denial.
The defendant alleged that he received an unfair trial when he was forced to attend trial in prison pants, which contained his name and prison number on the back. He alleged that the jury was able to detect the nature of his clothing when he stepped down from the witness stand to refer to a diagram during his testimony.
The State responds that the clothing issue was not phrased as an ineffective assistance of counsel claim. It also argues that the issue should have been raised on direct appeal and is legally insufficient. Lastly, it argues that the defendant acquiesced to wearing the prison pants. We disagree.
Defendant was provided a dress shirt and tie, but only given the option of wearing either green jail pants or blue prison pants. The blue prison pants had white stripes down the sides and his name and prison number on the back. Defense counsel raised the issue before trial and advised the defendant to wear the green county jail pants.
When the judge asked the defendant which pants he preferred, he indicated that he only had either the prison or the jail pants. Defense counsel never clearly objected and only stated that he wanted this information on the record. When the court asked the defendant if he was satisfied, he replied: "If my lawyer is, I am."
This court affirmed his conviction on direct appeal, which included the clothing issue. In that appeal, the State argued that the clothing issue had not been preserved. This court affirmed. The clothing issue is now raised as an ineffective assistance of counsel claim.
A defendant cannot be compelled to stand trial in identifiable prison clothes. Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). To establish prejudice, the defendant must make a timely objection and the record must demonstrate that the jury was able to identify the defendant as a prisoner based on his clothing. Eberhardt v. State, 550 So.2d 102 (Fla. 1st DCA 1989), review denied, 560 So.2d 234 (1990). Counsel may be found ineffective for failing to preserve the issue. See Pineda v. State, 805 So.2d 116 (Fla. 4th DCA 2002).
The crux of the issue is whether the defendant knowingly waived his right to appear in non-prison clothing. The record reflects that his lawyer discussed the clothing issue with him and advised him to wear the green county jail pants instead of the prison pants. What is unclear is whether the defendant knew that he had a choice other than wearing prison or county jail pants. In addition, the defendant alleges that his attorney assured him the pants were not a problem as long as he did not stand up in front of the jury. However, in this case, he did just that when he stepped down from the witness stand to refer to a diagram.
The order denying his rule 3.850 motion is reversed on this issue only and remanded for an evidentiary hearing. The order is affirmed in all other respects.
WARNER, HAZOURI and MAY, JJ., concur.