843 So.2d 372 (2003)
David CRAMER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-660.
District Court of Appeal of Florida, Second District.
May 2, 2003.
NORTHCUTT, Judge.
David Cramer appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
Cramer was convicted of aggravated assault with a firearm and sentenced to five years' imprisonment as a prison releasee reoffender. After his conviction and sentence were affirmed, he filed a rule 3.850 motion alleging that his trial counsel was ineffective for failing to object to Cramer being tried before a jury while shackled and wearing a jail-issued jump-suit.
A criminal defendant cannot be compelled to stand trial in prison clothing because it could impair the defendant's presumption of innocence, which is a basic component of the fundamental right to a fair trial. See Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); Torres-Arboledo v. State, 524 So.2d 403 (Fla.1988). Placing the defendant in restraints such as shackles or handcuffs can also affect the defendant's presumption of innocence, but under proper circumstances this risk may be outweighed by the court's obligation to maintain safety and security in the courtroom. See Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); Diaz v. State, 513 So.2d 1045 (Fla.1987). Here, Cramer's motion alleged that if, upon objection by counsel, the trial court had inquired into the matter it would have concluded that he *373 presented no security risk during his trial. Nevertheless, the circuit court summarily denied Cramer's motion, citing Buenoano v. Dugger, 559 So.2d 1116 (Fla.1990), for the proposition that he should have raised this issue on direct appeal.
Buenoano does not control this case. In Buenoano, the defendant alleged that she was deprived of a fair trial because she stood trial while wearing leg irons. She did not allege that her counsel was ineffective for failing to object. In contrast, in Sims v. State, 602 So.2d 1253 (Fla.1992), the defendant argued that his trial counsel was ineffective because he failed to object when Sims was brought into the courtroom wearing shackles. The Supreme Court rejected the argument, but not because it should have been raised on appeal. Rather, the court held that Sims's trial counsel made a reasonable strategic decision not to object because it was possible the jury did not see the shackles and counsel did not want to call the jurors' attention to them.
Cramer's motion alleged a facially sufficient ground for relief. See Pineda v. State, 805 So.2d 116 (Fla. 4th DCA 2002); Waters v. State, 779 So.2d 625 (Fla. 1st DCA 2001). We reverse and remand for an evidentiary hearing or the attachment of portions of the record that conclusively refute Cramer's claim.
Reversed and remanded with directions.
WHATLEY and SALCINES, JJ., Concur.