MONACO, J.
Ronald Eugene Walker appeals the summary denial of his Rule 3.850 motion for post-conviction relief. Mr. Walker asserts sixteen grounds of ineffective assistance of counsel. Although we conclude that Mr. Walker is not entitled to relief on any basis contained in his motion, there are two grounds that merit discussion.
We note at the outset that to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that there is a reasonable probability that, but for counsel’s errors, the result of the trial would have been different. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Each act or omission of counsel must be described in detail, must be a substantial and serious deficiency, and must be prejudicial to the extent that the acts or omissions were likely to have affected the outcome of the case. See Knight v. State, 394 So.2d 997 (Fla.1981). Here, the purported errors or omissions of Mr. Walker’s counsel simply do not cross that threshold.
Mr. Walker was convicted of armed robbery and received a twenty year prison sentence, consecutive to another prison sentence imposed in a different case. He alleges that the sentence was vindictive because the State originally offered an eight year sentence, concurrent to the sentence, in his other case, and he argues that his counsel was ineffective in failing to object to the sentence on that basis. Mr. Walker faces two major difficulties with this argument. First, although the offer was made by the prosecutor in open court, a review of the transcript of the trial reflects that the trial judge did not take part in this discussion, and never agreed to, adopted or sanctioned that proposal. Second, Mr. Walker was sentenced by a judge who was different from the judge that tried the case and who actually heard the offer. Under the circumstances there was no “realistic likelihood of vindictiveness,” and it is clear that no presumption of vindictiveness attached to the sentence imposed. See Wilson v. State, 845 So.2d 142 (Fla.2003); Graff v. State, 843 So.2d 1012 (Fla. 5th DCA 2003).
Mr. Walker also alleges that his trial counsel was ineffective with respect to the closing argument given on his behalf. It appears that although Mr. Walker was entitled to the first and last argument in closing, his counsel waived the first argument. Mr. Walker states' in his motion that his counsel did not get his consent to waive that argument before doing so. In addition, he alleges that his counsel was ineffective because he conceded that the armed robbery had occurred.
Mr. Walker’s trial counsel, however, did not concede his guilt. Thus, he did not *890 run afoul of cases such as Taylor v. State, 695 So.2d 1293 (Fla. 4th DCA 1997). Instead, he argued that although the evidence showed that a robbery had been committed, the State failed to prove that Mr. Walker was the person who committed it. This situation is somewhat analogous to cases in which defense counsel makes an “all or nothing” argument without the consent of the defendant. That is to say, the defendant’s attorney argues to the jury that it should ignore any lesser-included offenses, and determine whether or not the defendant committed the primary crime with which he is charged. In Demurjian v. State, 727 So.2d 324, 327 (Fla. 4th DCA 1999), Judge Warner of the Fourth District Court of Appeal noted that:
Unlike cases where defense counsel concedes guilt on a lesser included offense (citation omitted), there is no requirement for counsel to obtain a client’s consent for trial strategy decisions. To require such consent would severely undermine the value of the “constitutionally protected independence of counsel” and would begin the imposition of a set of rules that was rejected by Strickland.
We think that waiving the first closing is another one of those trial strategy decisions that needs to be left to the independent judgment of trial counsel. Indeed, in the present case there was very strong evidence that a robbery had been committed, and conceding that fact did no harm to Mr. Walker. Accordingly, we conclude that the trial court was correct in denying the motion for post-conviction relief on this ground, as well.
AFFIRMED.
SAWAYA, C.J. and TORPY, J., concur.