864 So.2d 1211 (2004)
Leonard LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1600.
District Court of Appeal of Florida, Fourth District.
January 21, 2004.
Leonard Lewis, Florida City, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
*1212 PER CURIAM.
Appellant, Leonard Lewis, appeals the trial court's summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. This motion followed Appellant's conviction and sentence for possession of a firearm by a convicted felon. We affirm the summary denial of his post-conviction claims one through three without the need for discussion, but reverse and remand as to claim four as will be discussed below.
In claim four, Appellant alleged ineffective assistance of his trial counsel for failure to object to his presence in the courtroom with prison garb or jailhouse clothing, as well as the fact that Lewis was chained at the ankles. The trial court summarily rejected this entire claim on the grounds that the record showed that the jury was not afforded an opportunity to observe him in ankle chains or shackles. Record attachments revealed that Appellant was brought into the courtroom before the jury entered, and that the jury left the courtroom before he stood up from the jury box and returned to sit with counsel. There is no record indication that the jury ever viewed the shackles. However, the trial court wholly overlooked Appellant's separate claim of ineffective assistance of counsel for failure to object to his presence before the jury in jailhouse clothing or prison garb.
It is well-settled that a defendant cannot be compelled to stand trial in identifiable prison clothes, see Torres-Arboledo v. State, 524 So.2d 403, 409 (Fla.), cert. denied, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239, (1988), because it could impair the defendant's presumption of innocence, which is a basic component of the fundamental right to a fair trial. See Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126, reh'g denied, 426 U.S. 954, 96 S.Ct. 3182, 49 L.Ed.2d 1194 (1976). In addition, equal protection concerns are triggered because "compelling the accused to stand trial in jail garb operates usually against only those who cannot post bail prior to trial." Id. at 505-06, 96 S.Ct. 1691; see also Waters v. State, 779 So.2d 625 (Fla. 1st DCA 2001) (finding ineffectiveness of counsel claim facially sufficient where trial counsel failed to object to defendant's appearance in court in prison garb).
Appellant stated a valid claim of ineffective assistance of trial counsel for failure to object to his wearing jailhouse clothing before the jury. See Palmer v. State, 831 So.2d 725 (Fla. 4th DCA 2002); Pineda v. State, 805 So.2d 116 (Fla. 4th DCA 2002); Waters.
Appellant's claim is not refuted by the record attachments. Accordingly, we reverse that part of the lower court's order denying relief on this claim and remand for an evidentiary hearing or the attachment of portions of the record that conclusively refute it.
STONE, KLEIN and SHAHOOD, JJ., concur.