981 So.2d 499 (2008)
Bernard BONNER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1088.
District Court of Appeal of Florida, Third District.
March 12, 2008.
Rehearing Denied June 6, 2008.
Robyn M. Blake, for appellant.
*500 Bill McCollum, Attorney General, and Nikole Hiciano, Assistant Attorney General, for appellee.
Before COPE, ROTHENBERG, and LAGOA, JJ.
ROTHENBERG, Judge.
After conducting an evidentiary hearing and considering the testimony of the witnesses who testified at the evidentiary hearing, the trial court denied appellant Bernard Bonner's ("Bonner") motion for postconviction relief. We affirm.
The gravamen of Bonner's motion was that his trial counsel provided ineffective assistance by failing to call several witnesses to testify on his behalf. Two of these witnesses testified at the evidentiary hearing, as did Bonner and his trial counsel.
Bonner was convicted of burglary with an assault, battery, and kidnapping. The trial testimony included that of: (1) the victim, Ms. Collins, who was Bonner's ex-girlfriend; (2) a firefighter called by the State; (3) a police officer called by Bonner; and (4) Bonner.
Ms. Collins testified that she and Bonner had lived together for a time, separated, and thereafter she allowed Bonner to sleep on a sofa in her apartment in exchange for $150 a month. Ms. Collins testified that she terminated the arrangement, "kicking him out" of the apartment after Bonner failed to pay the rent and he wanted to renew their intimate relationship. Ms. Collins claimed, however, that Bonner continued to come to the apartment without her consent. Ms. Collins testified that on June 9, 2001, Bonner entered her apartment without her consent, and when she ordered him to leave, Bonner grabbed her by the neck, hit her in the mouth and about the face, knocked her to the floor, locked the apartment door, and tied her hands with wire, threatening to "burn out her eyes," and burning her fingers with a cigarette. When Ms. Collins attempted to resist, Bonner struck her in the mouth, loosening her teeth.[1] Ms. Collins lay on the floor for several hours until Bonner eventually fell asleep and she was able to call 911 and summon help. The attack by Bonner was allegedly precipitated by his belief that Ms. Collins was having a relationship with a neighbor.
Firefighter Patrick Brea, who was called by the State, confirmed Ms. Collins' injuries, which included a "busted" lip, bleeding about the mouth, bruises, scratches around her mouth, and a burn mark between her fingers. Officer Fordham, who was called by the defense, testified regarding inconsistencies in Ms. Collins' statements.
Contrary to the advice of counsel, Bonner testified at trial. He claimed that he was living at the apartment; that he had a key to the apartment; and that on the day in question, he and Ms. Collins had argued. He claimed that when he attempted to leave the apartment, Ms. Collins tried to block the door, he pushed her, and she fell to the floor, injuring her teeth and losing a tooth. He spent the night in the apartment and was awakened in the morning by the police.
Additionally, the evidence presented at trial was that when the police arrived at Ms. Collins' apartment, Bonner was sleeping in a chair and they found a change of his clothing in the apartment.
Bonner claims that he believed his trial counsel was going to call the witnesses he had provided prior to trial, and that counsel's failure to do so denied Bonner the effective assistance of counsel because *501 these witnesses would have substantiated his claim that he was actually living at Ms. Collins' residence with her permission. However, as the trial court correctly concluded, none of the witnesses who testified at the evidentiary hearing did, in fact, substantiate this claim.
The two witnesses who testified at the evidentiary hearing are James Howard and Anthony Morley. Both testified that they were available and willing to testify at Bonner's trial, and had they been called as witnesses they would have testified that Bonner lived at Ms. Collins' residence. Mr. Howard additionally would have confirmed that Bonner had a key to the residence. Neither Mr. Howard nor Mr. Morley, however, testified that Bonner was living with Ms. Collins when these events occurred.
Bonner's trial counsel, Assistant Public Defender Robert White, testified that he did not call either of these two witnesses as it was undisputed that Bonner had lived with Ms. Collins for a period of time. The disputed issues were whether she had "kicked him out" of the apartment shortly before the day in question, whether Bonner had permission at the time to enter and to remain in her residence, and whether the events that occurred therein were as Ms. Collins claimed.
Mr. White testified that he did not call Mr. Morley as a witness at trial because Mr. Morley was not willing to testify. This testimony was corroborated by a report prepared pre-trial by an investigator working for the Public Defender's Office who had interviewed Mr. Morley. Additionally, Mr. Morley admitted at the evidentiary hearing that he did not know either Ms. Collins or Bonner personally and that he believed they were living together because he had seen them together. However, at the evidentiary hearing Mr. Morley provided no time frame regarding this testimony.
Mr. White testified that he did not call Mr. Howard as a witness at trial because, although he was willing to testify, based upon pre-trial discussions with Mr. Howard it became clear that he could not verify that Bonner was still living with Ms. Collins when the incident occurred. Mr. White's testimony was corroborated by the fact that neither Mr. Morley nor Mr. Howard stated at the evidentiary hearing that they were able to testify as to where Bonner was living when the incident occurred. Additionally, the trial court noted that Bonner's driver's license stated that he lived at a different location; when Bonner was arrested he provided the location reflected on his driver's license as his address, not Ms. Collins' address; and when he was asked at trial where he lived, he responded that he had stayed at Ms. Collins' apartment that night, not that her apartment was his permanent residence.
Based upon the trial court's assessment of the evidence, including the credibility of the witnesses, the court concluded that Bonner's trial counsel's failure to call Mr. Howard and Mr. Morley to testify on Bonner's behalf did not constitute the ineffective assistance of counsel. Because ineffective assistance of counsel claims present mixed questions of law and fact, we have conducted an independent review of the trial court's legal conclusions, while giving deference to the trial court's factual findings. See Randolph v. State, 853 So.2d 1051, 1059 (Fla.2003) (providing the standard of review for a trial court's ruling on an ineffective assistance claim in a postconviction proceeding).
Based upon our review, we conclude that Bonner failed to satisfy the two-prong test articulated in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, a *502 defendant must show that counsel's performance was deficient and that the errors were so serious that they affected the fairness and the reliability of the proceedings. See Kennedy v. State, 547 So.2d 912, 913-14 (Fla.1989). As the reviewing court, this Court must evaluate Bonner's claims from the perspective of defense counsel, taking into consideration the circumstances known to counsel at the time of the representation, United States v. Teague, 953 F.2d 1525 (11th Cir.1992), and where trial counsel's strategy is concerned, a high degree of deference to counsel's decisions must be given. Demurjian v. State, 727 So.2d 324, 326 (Fla. 4th DCA 1999). Because Mr. Morley was not willing to testify on Bonner's behalf at trial, and neither Mr. Morley nor Mr. Howard testified that Bonner had permission to enter or remain in Ms. Collins' home when these events occurred, trial counsel's failure to call them as witnesses at trial was a reasonable strategic decision. Strategic decisions that are reasonable under the norms of professional conduct do not constitute the ineffective assistance of counsel. Brown v. State, 894 So.2d 137, 147 (Fla.2004); Howell v. State, 877 So.2d 697, 703 (Fla.2004).
We additionally conclude that had Bonner's trial counsel called Mr. Morley and/or Mr. Howard as witnesses, given their inability to shed any light as to whether Bonner had permission to be in Ms. Collins' home when these events occurred, there is no probability that their failure to testify affected the outcome of the trial.[2]
Affirmed.
NOTES
[1] Ms. Collins lost a tooth as a result of the blow to her mouth.
[2] We decline to specifically address Bonner's remaining claims of ineffective assistance of counsel as we find they do not satisfy the Strickland test.